

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BASIC ENERGY SERVICES, LP, | § | No. 08-23-00218-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| PPC ENERGY LLP and PRIEST PETROLEUM CORPORATION, | § | of Reeves County, Texas |
| | § | (TC# 20-01-23355-CVR) |
| Appellees. | § | |

## DISSENTING MEMORANDUM OPINION

Unlike the majority, I disagree that charge error resulted in reversible error. In my view, the statutory prohibition on waste applied to Basic, and the jury was properly instructed that commission of waste constitutes negligence as a matter of law. *See* Tex. Nat. Res. Code Ann. § 85.321; *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 145, 161 (Tex. App.—Eastland 2010, pet. denied); *see also Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 422 (Tex. 2010). Based on the record here, I would conclude that the trial court acted within its discretion when it included a negligence per se instruction within the negligence question. But, more relevant to my disagreement with the majority, I would also conclude the trial court properly refused to submit the reasonably prudent operator defense given that no evidence supported its inclusion. *See* Tex. Nat. Res. Code Ann. § 85.321; *see also* Tex. R. Civ. P. 278 (providing that instructions are proper if supported by evidence).

Under Texas law, "[e]xpert testimony is required when an issue involves matters beyond jurors' common understanding." *Mack Trucks, Inc. v. Tamez*, 206 S.W. 3d 572, 583 (Tex. 2006). As relevant here, the operation of a commercial waste-water disposal well within the vicinity of producing oil wells, and claims that injected wastewater caused harmful flooding of wells, pertains to matters of complex, environmental science beyond a layperson's general experience and common knowledge. *See Palma v. Chribran Co., L.L.C.*, 327 S.W.3d 866, 871 (Tex. App.—Beaumont 2010, no pet.) (addressing a trespass theory of liability that involved a claim of subsurface water migrating underground); *Knox v. Eagle Water Mgmt., Inc.*, No. 01-17-00627-CV, 2018 WL 891239, at *3–5 (Tex. App.—Houston [1st Dist.] Feb. 15, 2018, no pet.) (requiring expert testimony to establish claim that wastewater pump stoppage caused subsequent flooding damage). Though PPC relied on expert testimony in support of its waste claim, Basic did not. Thus, on this record, I would conclude that Basic failed to produce legally sufficient evidence to support its statutory defense under Tex. Nat. Res. Code Ann. § 85.321. In my view, the trial court did not abuse its discretion in refusing Basic's instruction. Tex. R. Civ. P. 278. Because the majority concludes otherwise, I respectfully dissent.

GINA M. PALAFOX, Justice

December 27, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J., dissenting